1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   CENTRAL DISTRICT OF CALIFORNIA
10

11 | NESTLÉ DREYER'S ICE CREAM       | Case No.  8:19-CV-02411-JLS-KES
12 | COMPANY,                        |
   |                                 | **ORDER ISSUING PERMANENT**
13 |              Plaintiff,         | **INJUNCTION**
14 |        v.
15 | SAREEN INCORPORATED, dba
   | MEL-O-DEE ICE CREAM, and DOES
16 | 1 through 10, inclusive,
17 |              Defendant.

18
19
20
21
22
23
24
25
26
27
28

Based on the parties' Consent for Permanent Injunction and GOOD CAUSE APPEARING,

IT IS HEREBY ORDERED as follows:

1. Except as outlined in Paragraph 2 below, Defendant and Defendant's officers, directors, agents, servants, employees, representatives, attorneys, assigns and all other persons in active concert of participation with them are hereby restrained and enjoined from:

    a. Using the Häagen-Dazs Marks or trade dress, or any trademark or service mark or trade dress that is confusingly similar to the Häagen-Dazs Marks as the whole or any part of a business name in connection with ice cream, frozen yogurt, sorbet, sherbet, gelato, mellorine, water ices, or any other of the products which together comprise the frozen dessert category, including those products within the scope of 21 C.F.R. § 135, et seq. (collectively "**Frozen Dessert Products**");

    b. Using the Other Brands Marks or trade dress, or any trademark or service mark or trade dress that is confusingly similar to the Other Brands Marks as the whole or any part of a business name in connection with Frozen Dessert Products; and

    c. Using the Häagen-Dazs Marks or trade dress, or any trademark or service mark or trade dress that is confusingly similar to the Häagen-Dazs Marks in connection with the distribution, advertising, sale, or promotion of Frozen Dessert Products; and

    d. Using the Other Brands Marks or trade dress, or any trademark or service mark or trade dress that is confusingly similar to the Other Brands Marks in connection with the distribution, advertising, sale, or promotion of Frozen Dessert Products; and

    e. Holding out in any manner whatsoever that Defendant or Defendant's goods and/or services are in any way sponsored by, associated with,

connected to, or affiliated with Plaintiff or Plaintiff's business (or with the successor and assigns of Plaintiff with respect to the Häagen-Dazs Marks, or their respective businesses; or with the successors and assigns of Plaintiff with respect to the Other Brands Marks, or their respective businesses); and

   f. Making any other commercial use whatsoever, of any of the Häagen-Dazs Marks or trade dress, or any trademark or service mark or trade dress confusingly similar to the Häagen-Dazs Marks or trade dress;

   g. Making any other commercial use whatsoever, of any of the Other Brands Marks or trade dress, or any trademark or service mark or trade dress confusingly similar to the Other Brands Marks or trade dress; and

   h. Altering, removing or obscuring any production codes or use-by information or any other labeling on products produced by Plaintiff under the Häagen-Dazs Marks or the Other Brands Marks.

  2. Defendant is allowed, under nominative fair use, to use the Häagen-Dazs Marks and the Other Brands Marks to refer to the actual goods associated with the Häagen-Dazs Marks or the Other Brands Marks, as applicable. Nominative fair use by Defendant is permissible as long as (1) the product or service in question is not readily identifiable without use of the trademark, (2) only so much of the mark as is reasonably necessary to identify the product or service is used and (3) use of the mark does not suggest sponsorship or endorsement by the trademark owner.

  3. The use permitted under Paragraph 2 does not permit Defendant to hold itself out as an authorized distributor of any products within the scope of Paragraph 2, nor to place any product within the scope of paragraph 2 in any in-store merchandising equipment owned or supplied by Plaintiff or its affiliates, for the purpose of merchandising Frozen Dessert Products purchased from Plaintiff or its authorized distributors. Nothing herein is intended to make Defendant responsible for products placed in any store merchandising equipment (1) owned

or supplied by Plaintiff and (2) branded with the Häagen-Dazs Marks or Other Brand Marks, by a third party not acting in concert with Defendant.

4. To the extent that Defendant is able to purchase Plaintiff's products, Defendant would be able to lawfully place those products in Defendant's own store merchandising equipment, provided that (1) the equipment does not contain any of the Häagen-Dazs Marks or Other Brand Marks and (2) Defendant does not alter, remove, or modify any of the production codes or other labeling on the products.

Dated: December 02, 2020

HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE